IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERTA ALLEN, *et al.*                                                    PLAINTIFFS

VS.                                    CASE NO. 14-CV-1065

DIVERSICARE LEASING CORP.,
*et al.*                                                                   DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Plaintiffs' First Amended and Substituted Complaint. (ECF No. 18). Defendants have responded. (ECF No. 20). Plaintiffs have filed a reply. (ECF No. 21). Defendants filed a Motion to Dismiss the original Complaint (ECF No. 12) in which they make many of the same arguments that they make in their Response to Plaintiffs' Motion. Plaintiffs have responded to Defendant's Motion to Dismiss. (ECF No. 13). These matters are ripe for the Court's consideration.

Plaintiffs seek to amend their Complaint to add certain Plaintiffs' places of employment, job titles, and add further factual allegations. Defendants in their Motion to Dismiss and Response in opposition to Plaintiffs' Motion to Amend contend that the Complaint and proposed Amended Complaint do not satisfy the pleading requirements required by the Supreme Court in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*.

A district court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). However, there is no absolute or automatic right to amend. *Deutsche Financial Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002). A court may properly

1

deny a party's motion to amend its complaint because of futility of the amendment, bad faith, undue delay, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the non-moving party. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

First, Defendants contend that the shortcomings of Plaintiffs' original Complaint are not remedied by the addition of job titles and places of employment for some Plaintiffs in the Amended Complaint. They assert that Plaintiffs fail to plead sufficient facts to support their claims in the proposed Amended Complaint and therefore the amendment is futile. Second, Defendants cite cases from other circuits holding that, in light of *Iqbal* and *Twombly*, a plaintiff who brings an FLSA claim must make factual allegations providing a plausible approximation of hours that they worked uncompensated overtime. Third, Defendants contend that Plaintiffs' Motion is futile because the Amendment is subject to dismissal for misjoinder.

As to the general sufficiency of allegations, the Court finds them adequate. Plaintiffs proposed Amended Complaint adds some Plaintiffs' job titles and places of employment. The proposed Amended Complaint makes more factual allegations than were in the original Complaint, and the factual allegations in the Amended Complaint state a claim for relief that is plausible on its face. Thus, the Amended Complaint is not futile.

The Court will next address the approximation of hours. The Eighth Circuit has not addressed pleading requirements in a complaint for overtime under the FLSA since the Supreme Court held in *Iqbal* and *Twombly* that, in order to survive a motion to dismiss, the factual allegations in a complaint must state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 *U*.S. 662, 678; (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At least one other U.S. District Court in the Eighth Circuit has concluded that *Iqbal* and *Twombly*

"addressed a plaintiff's obligation to plead a sufficient *basis* for the defendant's liability, not a plaintiff's obligation to plead *the extent* of that liability." *Davis v. Bd. of Trustees of N. Kansas City Hosp.*, No. 14-0625-CV-W, 2015 WL 881516, at *3 (W.D. Mo. Mar. 2, 2015). Requiring the Plaintiffs to plead an approximation of hours they worked for uncompensated overtime would inform the extent of liability, not the basis of liability. Furthermore, the number of overtime hours worked is "a component of damages and not an element of the cause of action." *Id.* Therefore, Plaintiffs Proposed Amendment is not futile because it lacks an approximation of uncompensated overtime hours.

As to the issue of misjoinder, the Court is aware of authority in other circuits where plaintiffs' claims were dismissed for misjoinder when plaintiffs filed their action after the decertification of an FLSA collective action. In such cases, the courts typically dismiss all plaintiffs except the first named plaintiff for improper joinder. However, the Court can find no authority in the Eighth Circuit supporting such an approach. The Court agrees with Defendants that this action stems from the decertification of *Hamilton*, in which the Court found that there was no uniform policy that violated the FLSA. *Hamilton v. Diversicare Leasing Corp.*, No. 1:12-CV-1069, 2014 WL 4955799, at *4 (W.D. Ark. Oct. 1, 2014). Nevertheless, the potential issue of misjoinder does not render Plaintiffs' Amendment futile. Defendants can move to sever Plaintiffs' claims at a later stage of this litigation, or confer with the Court about separate trial groups. *See Allen v. Pulaski Cnty.*, No. 4:10CV1514, 2012 WL 32640, at *3 (E.D. Ark. Jan. 6, 2012) (denying defendant's motion to sever where action was filed after decertification of FLSA collective action, but indicating that the court would confer with parties regarding the possibility of separate trial groups).

For the reasons stated above, the Court finds that Plaintiffs' Motion for Leave to File Plaintiffs' First Amended and Substituted Complaint (ECF No. 18) should be and hereby is **GRANTED**, and Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 12) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 1st day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge